UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>) Criminal No. 24-10100-MJJ<br>KIRILL GORDEI, )<br>)<br>Defendant )<br>)<br>_____ ) | |

## REPORT AFTER SECOND INTERIM STATUS CONFERENCE
## PURSUANT TO LOCAL RULE 116.5(b)

December 2, 2024

Defendant is charged in an indictment with one count of Conspiracy to Commit Offenses Against the United States, in violation of 18 U.S.C. § 371; one count of Export of a Commerce Control Item, in violation of 50 U.S.C. §§ 4819(a)(1), 4819 (a)(2)(A)-(G) and 4819(b); and one count of Smuggling Goods from the United States, and aiding and abetting, in violation of 18 U.S.C. §§ 554(a) and 2. Defendant was arraigned by videoconference on July 17, 2024. I held a second interim status conference on November 26, 2024, in Worcester which the parties attended by telephone. Based on the conference and a joint memorandum filed in advance, I report as follows.

**Local Rule 116.5(b)(1) through (4)**

The United States produced automatic discovery on August 13, 2024 and September 6, 2024. On October 21, 2024, the United States produced extractions of data from two seized cellular phones, containing over 1 million Telegram messages and over 500,00 WhatsApp

1

messages, many of them in Russian. In light of the volume of this discovery, Defendant seeks 45 days for an additional interim status conference. I will continue the matter for 45 days, but for a Final Status Conference and have urged the United States to provide "hot documents" discovery to narrow and facilitate Defendant's review of this newer discovery. There are no pending discovery requests. The Court has not entered a protective order; the parties reserve the right to seek such an order.

**Local Rule 116.5(b)(5)**

Defendant shall report whether he intends to file pretrial motions pursuant to Fed. R. Crim. P. 12(b) at the final status conference.

**Local Rule 116.5(b)(6)**

I have adopted the parties' proposal that the Government's expert disclosures, if any, shall be due sixty (60) days before trial and Defendant's expert disclosures, if any, shall be due thirty (30) days before trial.

**Local Rule 116.5(b)(7)**

Defendant shall report at the Final Status Conference whether he intends to raise defenses of insanity, public authority, or alibi.

**Local Rule 116.5(b)(8)**

The Court has excluded the period from July 17, 2024 (the date of Defendant's arraignment), through November 26, 2024 (the date of the Second Interim Status Conference). The parties agree that the period from November 26, 2024, through the Final Status Conference that I have set, at the request of the parties, for January 7, 2025, should be excluded under the interest of justice provision of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A). I will allow that

request and enter a separate written order. It appears that zero days are chargeable against the statutory speedy trial clock. See Order of Excludable Delay entered on this date.

**Local Rule 116.5(b)(9)**

The parties shall report on plea discussions and the likelihood and length of trial at the Final Status Conference.

**Local Rule 116.5(b)(10)**

A Final Status Conference will take place in this case on Tuesday, January 7, 2025 at 9:30 a.m., in Courtroom #1, Fifth Floor, Donohue Federal Building, 595 Main Street, Worcester, Massachusetts. Counsel shall appear by telephone and shall contact my Courtroom Clerk Dawn King, (508.929.9905 or Dawn_King@mad.uscourts.gov) before the conference and provide a landline telephone number at which counsel can be reached.

/ s / David H. Hennessy
David H. Hennessy
United States Magistrate Judge