UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v. ) <br> ) <br> KIRILL GORDEI, ) <br> ) <br> Defendant ) <br> ) <br> _____ ) | Criminal No. 24-10100-MJJ |

**REPORT IN LIEU OF FINAL STATUS CONFERENCE**
**PURSUANT TO LOCAL RULE 116.5(c)**

February 11, 2025

Defendant is charged in an indictment with one count of Conspiracy to Commit Offenses Against the United States, in violation of 18 U.S.C. § 371; one count of Export of a Commerce Control Item, in violation of 50 U.S.C. §§ 4819(a)(1), 4819 (a)(2)(A)-(G) and 4819(b); and one count of Smuggling Goods from the United States, and aiding and abetting, in violation of 18 U.S.C. §§ 554(a) and 2. Defendant was arraigned by videoconference on July 17, 2024. I scheduled a final status conference for February 11, 2025, in Worcester; however, prior to that date the parties filed a Joint Memorandum which obviates the need for the conference. I cancel the conference and report as follows:

**Local Rule 116.5(c)(2)**

Although the parties are engaged in plea discussions which may resolve the case, Defendant is not in a position to seek a Rule 11 hearing. Accordingly, the parties request that the

case be transferred to the district judge to resolve a possible pretrial motion and schedule a trial date. The file is ordered transferred to Judge Joun.

    a. All discovery has been produced.

    b. All discovery requests and motions have been resolved.

    c. Defendant may file a motion pursuant to Fed. R. Crim. P. 12(b) and has requested March 17, 2025, as a filing deadline. I allow that request.

    d. The Court has excluded the period from July 17, 2024 (the date of Defendant's arraignment), through February 11, 2025 (the date of the Final Status Conference). The parties agree that the period from February 11, 2025, through the Pretrial Conference before Judge Joun should be excluded under the interest of justice provision of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A). I will allow that request and enter a separate written order. It appears that zero days are chargeable against the statutory speedy trial clock. See Order of Excludable Delay entered on this date.

    e. Trial would require one week.

**Local Rule 116.5( c)(3)**

Defendant is released on conditions; he requires the services of a Russian-speaking interpreter.

Discovery is voluminous and includes over 500,00 WhatsApp messages, many of them in Russian. The Court has not entered a protective order; the parties reserve the right to seek such an order.

I have adopted the parties' proposal that the Government's expert disclosures, if any, shall be due sixty (60) days before trial and Defendant's expert disclosures, if any, shall be due thirty (30) days before trial.

Defendant shall report at the March 5, 2025 Pretrial Conference whether he intends to raise defenses of insanity, public authority, or alibi.

          <u>/ s / David H. Hennessy</u>
          David H. Hennessy
          United States Magistrate Judge