IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KIRILL GORDEI | No. 1:24-cr-10100-MJJ |

**DEFENDANT KIRILL GORDEI'S MOTION TO DISMISS MULTIPLICITOUS COUNT AND DISMISS OR STRIKE PORTIONS OF COUNT 2**

Defendant, Kirill Gordei, respectfully moves to dismiss either Count 2 or

Count 3 of the indictment because they charge the same offense and are therefore

multiplicitous: Both charge that the same export of the same item violated the same

underlying statute and regulations (the Export Control Reform Act ("ECRA"), 50

U.S.C. § 4819, and the Export Administration Regulations ("EAR"), 15 C.F.R. §§

36.2(b)(1), 746.8(a)(1), & 764.1). He further asks the Court to dismiss or strike so

much of Count 2 as charges him with "attempting to cause" or "causing" a violation

of the EAR because neither is a crime under 50 U.S.C. § 4819(b).

## BACKGROUND

Defendant Kirill Gordei is a dual citizen of Belarus and the United States

who resides in Hallandale Beach, Florida. At relevant times, he was owner and

-1-

principal of Apelsin[1] Logistics, a Freight Forwarder[2] with U.S. addresses in Florida and New York, as well as a similarly-named affiliate in St. Petersburg, Russia.

The April 23, 2024 Indictment against Mr. Gordei charges him with conspiracy to export goods from the United States without required licenses and to smuggle goods from the United States, in violation of 18 US.C. § 371 (Count One); unlawful export of a commerce control item, in violation of 50 U.S.C. § 4819(a)(1), 4819(a)(2)(A)-(G) and 4819(b), 18 U.S.C. § 3551 et seq., 15 C.F.R. §§ 36.2(b)(1), 746.8(a)(1), and 764.1 (Count Two);  and smuggling goods from the United States, in violation of 18 U.S.C. §§ 554(a) and 2 (Count Three).

All three counts concern allegations that Mr. Gordei participated in the unlawful export to Russia of an Orbitrap Exploris GC 240 mass spectrometer[3]

---

[1] "Apelsin" (pronounced "ah-pell-SEEN," a transliteration of "апельсин" in Russian and/or "апельсíн" in Belarusian) is the word for "orange" (the fruit), an homage to Mr. Gordei's home state of Florida.

[2] A Freight Forwarder is a person or a company that coordinates and organizes the movement of shipments on behalf of a shipper (party that arranges an item for shipment) by liaising with carriers (party that transports goods) and/or other Freight Forwarders. *See* https://en.wikipedia.org/wiki/Freight_forwarder .

[3] A mass spectrometer is a scientific instrument used to identify, quantify, and characterize molecules in a sample. According to ThermoFisher, "[m]ass spectrometry is applicable across diverse fields, including forensic toxicology, metabolomics, proteomics, pharma/biopharma, and clinical research. Specific applications of mass spectrometry include drug testing and discovery, food contamination detection, pesticide residue analysis, isotope ratio determination, protein identification, and carbon dating," *available at* https://www.thermofisher.com/us/en/home/industrial/mass-spectrometry/mass-spectrometry-learning-center/mass-spectrometry-applications-area.html .

manufactured by ThermoFisher Scientific ("the Item" or "the spectrometer"), a device with scientific and health applications. *See* D.E.64 at 3 n.3. The government alleges the Item requires a license if exported to Russia. *See* D.E. 64-7 at 2 (BIS license determination that, for "Mass Spectrometer with HTS code 9027810000, a license was required under 746.5(ii) of the EAR for export to Russia").

ARGUMENT

## I.   COUNTS 2 AND 3 ARE MULTIPLICITOUS AND ONE MUST BE DISMISSED.

### A. Relevant law

Under Federal Rules of Criminal Procedure 12(b)(3), a defendant must raise a challenge to an indictment based on multiplicity prior to trial. *See id.* "A prosecution is multiplicitous when it charges a defendant more than once for what is essentially a single crime." *United States v. Smith*, 919 F.3d 1, 15 (1st Cir. 2019).

Multiplicitous charging raises two problems. First, the defendant may receive multiple sentences for the same offense, in violation of the Double Jeopardy Clause. *See* U.S. Const. amend. V (no person shall "be subject for the same offense to be twice put in jeopardy of life or limb"); *United States v. Chiaradio*, 684 F.3d 265, 272 (1st Cir. 2012) (Double Jeopardy Clause "protects against multiple punishments for the same offense") (citation and internal quotation marks omitted). Second, a multiplicitous indictment may improperly prejudice a jury by suggesting that a defendant has committed several crimes—not one. *See United States v. Rahim*, 431 F.3d 753, 758 (11th Cir. 2005).

The test for determining whether an indictment is multiplicitous is set forth in *Blockburger v. United States*, 284 U.S. 299, 304 (1932): "Whether each provision requires [as an element] proof of an additional fact which the other did not." *Id*. This "same-elements" test "inquires whether each offense contains an element not contained in the other; if not, they are the 'same offence' and double jeopardy bars additional punishment and successive prosecution." *United States v. Dixon*, 509 U.S. 688, 696, (1993). Each count must have an element that the other does not. See *id*. (finding two offenses were not multiplicitous because each had an element the other did not); *see United States v. Sebastian*, No. 20-cr-10170-DJC, 2023 U.S. Dist. LEXIS 30001, at *11 (D. Mass. Feb. 23, 2023) (offenses were not multiplicitous where "each [offense] provision contains an element not contained in the other").

**B. Counts 2 and 3 Charge the Same Offense.**

Here, Counts 2 and 3 are the same: both charge that the export of the Item to Russia violated ECRA and EAR. Count 2 charges that, from about January 1, 2023, to August 29, 2023, Mr. Gordei knowingly and willfully exported and attempted to export the Item from the United States to Russia, without having the required license from the Commerce Department, in violation of ECRA and EAR (50 U.S.C. § 4819 and 15 C.F.R. §§ 36.2(b)(1), 746.8(a)(1), and 764.1).

The elements of the offense are:

**First**, the defendant exported, attempted to export, conspired to export, or aided and abetted an export of the Item to Russia;

**Second** a license was required for the export;

**Third**, the defendant failed to obtain the license; and

**Fourth**, the defendant acted willfully.

*See* 50 U.S.C. § 4819(b).

Count 3 alleges that, from the same date range, Mr. Gordei "did . . . knowingly export and send, and attempt to export and send, from the United States to . . . Russia, . . . [the Item]. . ., contrary to . . . ECRA and the EAR, and did fraudulently and knowingly . . . conceal and facilitate [the same]," in violation of 18 U.S. C. §§ 554(a) and 2.[4] Just like Count 2, § 554(a) "makes it a crime to 'knowingly export[] . . . or attempt[] to export . . . any merchandise, article, or object contrary to any law or regulation of the United States.'" *United States v. Singer*, 963 F.3d 1144, 1155 (11th Cir. 2020) (quoting statute). The elements of the § 554(a) offense are:

> **First**, the defendant knowingly exported or attempted to export [the Item] or facilitated the transportation of [the Item] and
>
> **Second**, the export to Russia without a license violated the ECRA and EAR; and

---

[4] Section 554(a) provides:

> Whoever fraudulently or knowingly exports or sends from the United States, or attempts to export or send from the United States, any merchandise, article, or object contrary to any law or regulation of the United States, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such merchandise, article or object, prior to exportation, knowing the same to be intended for exportation contrary to any law or regulation of the United States, shall be fined under this title, imprisoned not more than 10 years, or both.

18 U.S.C. § 554(a).

**Third**, the defendant acted knowingly; [and]

[**Fourth**, the defendant did something that was a substantial step toward committing the crime.….].

Ninth Circuit Pattern Inst. 21.2[5]; *see also* Fifth Circuit Pattern Inst. 2.26.[6] There is

nothing the government must prove, for either charge, that it need not prove for the

other.[7]

Because there is no difference between Counts 2 and 3, the Indictment is

multiplicitous and the Court should order the government to elect which one of the

two charges to proceed with and required dismissal of the other. *See e.g., United*

*States v. Davila-Sanchez*, No. 06-166 (CCC), 2008 U.S. Dist. LEXIS 122537, at *9

(D.P.R. Nov. 13, 2008) (finding count three required an additional element which

count two did not require, but because "count two does not require any element of

---

[5] https://www.ce9.uscourts.gov/jury-instructions/criminal/chapter-21/21-2-smuggling-or-attempting-to-smuggle-goods-from-the-united-states-18-u-s-c-554/

[6] www.lb5.uscourts.gov/juryinstructions/Fifth/PJI-CRIMINAL_2024_EDITION_FINAL.pdf

[7] The government's proposed jury instructions make this clear. *See* D.E. 89 at 2-3 (providing a single element for the underlying object of the conspiracy in Count One, even though that count charges two separate statutory objects of the conspiracy – violation of ECRA *and* the smuggling statute). Its substantive instructions for the two counts are almost indistinguishable. *See id.* at 5-9. If there is a distinction, it is hard to discern, other than perhaps a more specific definition of "fraudently," under the smuggling statute, than "willfully," under ECRA. Its smuggling instruction states that the "government does not need to prove . .. a violation of [ECRA] for the defendant to be found guilty of smuggling." *Id.* at 9. But the only addition in ECRA is "willfully."

proof different from those in count three[,] . . . there is multiplicity between counts two and three and the government must choose which one to pursue and which one to dismiss"); *United States v. Barnaby*, No. 18-CR-33 (S-2) (NGG), 2021 U.S. Dist. LEXIS 128442, at *25 (E.D.N.Y. July 8, 2021) ("Dismissing the multiplicitous counts at this stage is appropriate to avoid 'creat[ing] an exaggerated impression' of Defendants' alleged criminal activity before the jury").

II.     **SO MUCH OF COUNT 2 AS ALLEGES MR. GORDEI "CAUS[ED]" OR "ATTEMPT[ED] TO CAUSE" SOMEONE TO VIOLATE THE REGULATIONS SHOULD BE DISMISSED OR STRICKEN FROM THE INDICTMENT BECAUSE THERE IS NO SUCH CRIME.**

Under Federal Rules of Criminal Procedure 12(b), "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." Fed. R. Crim. P. 12(b)(2). A trial court may dismiss an indictment that does not state an offense under the charged statute. *United States v. Aleynikov*, 737 F. Supp. 2d 173, 176 (S.D.N.Y. 2010); *United States v. Aydin*, No. 1-12-CR-221-02-ODE-AJB, 2015 U.S. Dist. LEXIS 27033, at *9 (N.D. Ga. Jan. 16, 2015) (dismissing export charges based on "attempting to cause" a violation of export laws); *United States v. Ying Lin*, 270 F. Supp. 3d 631, 635 (E.D.N.Y. 2017) (dismissing smuggling charge alleging defendant shipped "unaccompanied baggage" to China, in violation of an airline policy required by TSA).

All statutory interpretation begins with the language of the statute itself, and where "the statute's language is plain, 'the sole function of the courts is to enforce it

according to its terms.'" *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 241 (1989) (quoting *Caminetti v. United States*, 242 U.S. 470, 485 (1917)).

First, ECRA does not create criminal liability for "causing" (or any variant of "causing," like "attempting to cause" or "conspiring to cause") another person to commit a regulatory violation. *See* 50 U.S.C. § 4819(b). Rather, ECRA, in § 4819*(a)* establishes a set of *civil* prohibitions. *See id.* ("It shall be unlawful for a person to violate, attempt to violate, conspire to violate, or cause a violation of this subchapter or of any regulation, order, license, or other authorization issued under this subchapter") (emphasis added). ECRA then creates limited *criminal* liability in § 4819*(b)*. Subsection (b) applies when a person "willfully commits, willfully attempts to commit, or willfully conspires to commit, or aids and abets in the commission of, an unlawful act described in subsection (a)." (emphasis added). The Court must presume that the omission of "causing" from § 4819(b) was intentional. *See Russello v. United States*, 464 U.S. 16, 23 (1983) ("[where] Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion"). Neither the regulatory agency (the Department of Commerce) nor the government has the authority to expand the scope of § 4819(b). On this basis alone, the Court should strike and/or dismiss so much of Count 2 as alleges Mr. Gordei "attempt[ed] to cause" and "cause[d]" the export of the Item.

Moreover, *even if*, for the sake of argument, "causing" an illegal export were a crime under § 4819(b), the Indictment's "attempt to cause" theory suffers from a

-8-

further infirmity in that no combination of § 4819(a) and (b) criminalize an "attempt" to "cause" a regulatory violation. *See United States v. Kuok*, 671 F.3d 931, 941 (9th Cir. 2012) (finding, where "the government's theory was that [the defendant] attempted to cause an undercover ICE agent to export the encryptor," the overlay of § 2(b) onto a regulation that prohibited "causing" someone to commit an office prohibited "causing an export or an attempted export," but not "attempting to cause" an export); *United States v. Aydin*, No. 1-12-CR-221-02-ODE-AJB, 2015 U.S. Dist. LEXIS 27033, at *23 (N.D. Ga. Jan. 16, 2015) ("these provisions by themselves make it a crime to attempt to violate the Iranian arms embargo, and read in conjunction with § 2, to cause an attempt to violate the embargo. However, neither regulation alone, in conjunction with each other, or read in conjunction with § 2, criminalizes an 'attempt to cause' a violation of the embargo").

## CONCLUSION

For the foregoing reasons, the Court should order the government to choose to proceed to trial on either Count 2 or Count 3, but not both. To the extent Count 2 remains in the case, the Court should strike or dismiss the "causing" and "attempting to cause" language and preclude the government from presenting such theories to the jury.

Respectfully submitted,

**KIRILL GORDEI**

By his attorneys,

_____/s/ Amy Barsky_____
AMY BARSKY, ESQ. (BBO # 601111)
WILLIAM W. FICK, ESQ. (BBO # 650562)
FICK & MARX LLP
24 Federal Street, 4th Floor
Boston, MA 02110
(857) 321-8360
WFICK@FICKMARX.COM
ABARSKY@FICKMARX.COM

## Certificate of Service

I hereby certify that this document and any attachments filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on July 31, 2026.

_/s/ Amy Barsky_____

-10-