IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KIRILL GORDEI | No. 1: 24-cr-10100-MJJ |

**DEFENDANT KIRILL GORDEI'S OPPOSITION TO GOVERNMENT'S
<u>MOTION TO ADMIT CO-CONSPIRATOR STATEMENTS</u>**

Defendant Kirill Gordei respectfully submits this Opposition to the Government's Motion

to admit alleged Co-Conspirator Statements [D.E. 88].

Given the unusual circumstances of this case, including that the government will not call

any alleged conspirator to testify at trial but will rely instead on electronic communications

containing purported "co-conspirator statements," Mr. Gordei respectfully requests that this

Court exclude such evidence unless and until the prosecution makes an adequate advance

showing of extrinsic evidence to satisfy the standard that the First Circuit established in *United*

*States v. Petrozziello*, 548 F.2d 20 (1st Cir. 1977).

**<u>ARGUMENT</u>**

A "co-conspirator statement" may be admitted against a defendant under Rule 801(d)(2)(E)

only if the government satisfies the requirements set forth in *Petrozziello*.

> *Petrozziello* requires that the party seeking admission of a statement
> as a co-conspirator statement must establish by a preponderance of
> the evidence that the declarant and the defendant were members of
> the same conspiracy at the time that the statement was made and that
> the statement was made "in furtherance" of the conspiracy.

1

*United States v. Ramos-Baez*, 86 F.4th 28, 71-72 (1st Cir. 2023).

> **A.     To invoke Rule 801(d)(2)(E), the government must present extrinsic evidence to prove that the charged conspiracy (and not some other conspiracy) existed, the declarant and Mr. Gordei were both members, and the declarant made his or her statement in furtherance of the conspiracy.**

As the party seeking to admit alleged "co-conspirator statements" at trial, pursuant to Rule 801(d)(2)(E), the government bears the burden to prove each statement is admissible under that narrow exception to the general rule against hearsay. *See United States v. Sepulveda*, 15 F.3d 1161, 1180 (1st Cir. 1993); *see also United States v. Bradshaw*, 281 F.3d 278, 283 (1st Cir. 2002) (holding, "to invoke th[e co-conspirator] exception" to the hearsay rule, the government "bears the burden of establishing" the statements fall within that narrow exception).

To satisfy its burden, the government "must show by a preponderance of the evidence that a conspiracy embracing the declarant and the defendant existed and that the declarant uttered the statement during and in furtherance of the conspiracy." *Sepulveda*, 15 F.3d at 1180 (citing *Bourjaily v. United States*, 483 U.S. 171, 175-76 (1987)); *see United States v. Paz-Alvarez*, 799 F.3d 12, 29 (1st Cir. 2015) ("To admit such evidence, the district court must determine by a preponderance of the evidence that the declarant and the defendant were members of the same conspiracy and that the statement was made in furtherance of the conspiracy."). "[T]he 'in furtherance' requirement represents a real limitation on the admissibility of coconspirator statements." *Piper*, 298 F.3d at 54; *see United States v. Ciresi*, 697 F.3d 19, 28 (1st Cir. 2012) (explaining that "mere idle chatter" and "narrative discussions of past events" are not admissible as "conspirator statements" because they do not advance the conspiracy). For that reason, the finding that a particular statement was made "in furtherance of" the conspiracy "must be supported by some plausible basis in the record." *Id*. Speculation by the government does not suffice.

Further, contrary to the government's argument, in order to establish the existence of the

2

charged conspiracy, the government may not rely on the alleged co-conspirator statements, themselves, because those statements are not "self-elucidating." *United States v. Piper*, 298 F.3d 47, 52 (1st Cir. 2002)). Rather, the government must present "extrinsic evidence," meaning "some other evidence" that is "'sufficient to delineate the conspiracy and corroborate the declarant's and the defendant's roles in it.'" *United States v. Pena*, 24 F.4th 46, 61 (1st Cir. 2022) (quoting *Piper*, 298 F.3d at 52); *see Sepulveda*, 15 F.3d at 1811-12 (holding evidence required to introduce "an out-of-court statement under Rule 801(d)(2)(E) must comprise more than the weight of the statement itself," because "a coconspirator's statement, standing alone, is insufficient").

> **B.    In this unusual case, and given the serious risks of unfair prejudice to Mr. Gordei, the government should be required to make an adequate proffer in advance to satisfy the *Petrozziello* standard.**

While co-conspirator statements are routinely admitted provisionally during trials, this case is an unusual one because the prosecution will not call any alleged unindicted co-conspirator who might testify about the charged conspiracy with Mr. Gordei. Instead, the prosecution will rely, in large part, on emails to and from people who will not testify at trial but whom the government contends knowingly and intentionally participated the charged conspiracy. And unlike, for example, a drug trafficking case where any statement or conduct about illegal drugs is inherently suspect, the otherwise innocuous business activities at issue here would be unlawful only if they were performed in furtherance of a criminal conspiracy to willfully export goods from the U.S. to Russia in violation of licensing requirements.

To be sure, the Court "may provisionally admit a statement under Rule 801(d)(2)(E) and defer its final *Petrozziello* ruling until the close of evidence," but it is not required proceed that way. *United States v. Paz-Alvarez*, 799 F.3d 12, 29 (1st Cir. 2015). The Court may "follow the alternative procedures" in Rule 104 "to determine the admissibility of evidence" under Rule 801. *United States v. Ciampaglia*, 628 F.2d 632, 638 n.3 (1st Cir. 1980); *see United States v. Isabel*, 945

3

F.2d 1193, 1199 (1st Cir. 1991) ("The district court may, but need not, make a pretrial determination as to the provisional admissibility of the proffered statements."); *United States v. Medina*, 761 F.2d 12, 17 (1st Cir. 1985) (recognizing that, in certain cases, a pretrial *Petrozziello* ruling may be "helpful").

Here, as in *United States v. Bernal*, 884 F.2d 1518 (1st Cir. 1989), the Court should "require[] the government to make an offer of proof" *before* it seeks to introduce such extensive evidence pursuant to Rule 801(d)(2)(E). *See id.* at 1522-23 (holding "the trial court properly followed the procedures outlined in *Petrozziello* and *Ciampaglia*" and exercised its broad discretion as to timing).

In the typical case, where a co-conspirator's statement is likely admissible and not clearly critical the prosecution's case, it often makes sense to defer *Petrozziello* rulings. If the prosecution's evidence proves to be insufficient, a court can later strike discrete bits of evidence and give appropriate curative instructions. But in this case, where the entire case depends on alleged co-conspirator statements that may be inadmissible, conditional admission risks unfair prejudice to Mr. Gordei and invites the significant risk of a mistrial.

Respectfully submitted,

**KIRILL GORDEI**

by his attorneys,

*/s/ William W. Fick*
William W. Fick (BBO #650562)
Amy Barsky (BBO #601111)
FICK & MARX LLP
24 Federal Street, 4th Floor
Boston, MA 02110
(857) 321-8360
*wfick@fickmarx.com*
*abarsky@fickmarx.com*

5

## **CERTIFICATE OF SERVICE**

I, William W. Fick, hereby certify that on August 7, 2026, I caused this document to be filed through the ECF system.

/s/ William W. Fick