IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.

KIRILL GORDEI

No. 1:24-cr-10100-MJJ

### DEFENDANT KIRILL GORDEI'S MOTION TO DISMISS COUNT 3 AS DUPLICITOUS OR FOR AN ORDER DIRECTING THE GOVERNMENT TO ELECT BETWEEN OFFENSES CHARGED IN COUNT 3

As discussed in Defendant Kirill Gordei's Objections to the Government's Proposed Jury Instructions, the government appears to argue that Mr. Gordei violated the smuggling statute, 18 U.S.C. § 554(a), in two distinct ways in Count 3. To address this, in the event the Court does not dismiss Count 3 completely or in part, Mr. Gordei requested a Special Unanimity instruction. *See* D.E. 110.

But the proper remedy is to dismiss Count 3, pursuant to Fed. R. Crim. P. 12(b)(3), or to order the government to elect between the charges contained within Count 3. *See United States v. Kakos*, 483 F.3d 441, 443-5 (6th Cir. 2007) (discussing interplay between pre-trial motion and jury instructions); *United States v. Henry*, 504 F.2d 1335, 1338 (10th Cir. 1974) ("The proper way to attack a duplicitous indictment is by a motion to elect").

"Duplicity is the joining in a single count of two or more distinct and separate offenses." *United States v. Martinez Canas*, 595 F.2d 73, 78 (1st Cir. 1979). "The prohibition against duplicitous indictments arises primarily out of a concern that

the jury may find a defendant guilty on a count without having reached a unanimous verdict on the commission of any particular offense." *United States v. Valerio,* 48 F.3d 58, 63 (1st Cir. 1995), *quoted in United States v. Verrecchia*, 196 F.3d 294, 297 (1st Cir. 1999).

The government's recent filings suggest the government contends Mr. Gordei violated the smuggling statute because he *either* "export[ed] or re-export[ed], attempt[ed]  to export or re-export, or cause[d] the export or re-export" of the mass spectrometer, *or* he "receive[d], conceal[ed], b[ought], s[old], or in any manner facilitate[d] the transportation, concealment, or sale of such merchandise, . . . prior to exportation, knowing that the merchandise . . . was intended for [unlawful] exportation." In particular, the government may intend to argue that Mr. Gordei's sending of allegedly fraudulent documents, in connection with the export of the mass spectrometer, itself comprised the crime of smuggling, under the second sub-part of the statute.

These two theories, focusing on distinct facts and brought under distinct provisions of the statute, comprise separate crimes, making Count 3 duplicitous. *See Verrecchia*, 196 F.3d at 297; *United States v. Newell*, 658 F.3d 1, 22-23 (1st Cir. 2011) (noting that charged counts "each contained descriptions of numerous transactions," which "would [each] seem, on its face, to be enough to make out an independent violation of [the criminal statute]" and, where multiple "transactions" were "bundled" into a single count, courts must determine "whether they described distinct violations [of the criminal statutes]").

Accordingly, Mr. Gordei moves for an order dismissing Count 3 or directing the government to choose between the duplicitous charges.

Respectfully submitted,

**KIRILL GORDEI**

By his attorneys,

/s/ Amy Barsky
AMY BARSKY, ESQ. (BBO # 601111)
WILLIAM W. FICK, ESQ. (BBO # 650562)
FICK & MARX LLP
24 Federal Street, 4th Floor
Boston, MA 02110
(857) 321-8360
WFICK@FICKMARX.COM
ABARSKY@FICKMARX.COM

## Certificate of Service

I hereby certify that this document and any attachments filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on August 7, 2026.

/s/ Amy Barsky