UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | Criminal No. 24-cr-10100-MJJ |
| KIRILL GORDEI, | ) | |
| Defendant. | ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S**
**MOTION TO DISMISS**

The defendant asks this Court to dismiss either Count 2 or Count 3 of the Indictment[1] because, according to the defendant, those counts charge the same offense and are therefore multiplicitous. The defendant further requests that the Court dismiss or strike so much of Count 2 as charges the defendant with "attempting to cause" or "causing" a violation of the Export Administration Regulations. The defendant is wrong on both fronts.

First, Count 2 and Count 3 are not multiplicitous because the statutory language of the offenses—smuggling and violation of the Export Control Reform Act—criminalize and make unlawful distinct conduct. Furthermore, even if the counts were multiplicitous, pretrial dismissal is an unwarranted and unnecessary remedy. Second, the Indictment (and Superseding Indictment) appropriately charge "attempting to cause" and "causing" because that language is found in the text of the criminal statutes. The court should deny the defendant's Motion to Dismiss (Dkt. No. 92; "MTD") in its entirety.

[1] The Defendant's Motion to Dismiss ("MTD") refers to the original indictment in this case. Subsequent to the filing of the MTD, a grand jury returned a Superseding Indictment which made several modifications—none of which, however, are relevant to the two issues raised in the MTD.

## ARGUMENT

***Count 2 and Count 3 are Not Multiplicitous Because Each Count Contains Elements Distinct from the Other.***

Like the original Indictment, the Superseding Indictment charges the defendant, Kirill Gordei, with three Counts: conspiracy to export goods from the United States without required licenses and to smuggle goods from the United States, in violation of 18 US.C. § 371 (Count One); unlawful export of a commerce control item, in violation of 50 U.S.C. § 4819(a)(1), 4819(a)(2)(A)-(G) and 4819(b), 18 U.S.C. § 3551 *et seq.*, 15 C.F.R. §§ 36.2(b)(1), 746.8(a)(1), and 764.1 (Count Two); and smuggling goods from the United States, in violation of 18 U.S.C. §§ 554(a) and 2 (Count Three). *See* Dkt. No. 112.

Defendant asks this Court to order the dismissal of Count 2 or Count 3 arguing that the two counts charge the "same offence" and so violate the Fifth Amendment's Double Jeopardy Clause. *See* MTD at 3. The defendant's argument is amiss. Count 2 and Count 3 each contain distinct factual elements and so are not multiplicitous and punishment for both offenses is not prohibited by Double Jeopardy. *See United States v. Dixon*, 509 U.S. 688, 696 (1993) (*Blockburger*'s "same-elements" test "inquires whether each offense contains an element not contained in the other; if not, they are the 'same offence' and double jeopardy bars additional punishment and successive prosecution.").

The key question in considering whether charges are multiplicitous is "whether Congress intended the acts charged to constitute a single crime or plural offenses." *United States v. Armenteros-Chervoni*, 133 F.4th 8, 18 (1st Cir. 2025) (quoting *United States v. Lilly,* 983 F.2d 300, 302 (1st Cir. 1992)). *See also United States v. Goldberg*, 913 F. Supp. 629, 632 (D. Mass. 1996) ("The *Blockburger* test is primarily a test of legislative intent"). By outlawing different conduct in two different statutes, one of which (the Export Reform Control Act ("ECRA"))

requires a heightened *mens rea* element (willfulness) under its plain statutory text and one of which (smuggling under 18 U.S.C. § 554) specifically criminalizes "fraudulently" "conceal[ing]" merchandise and goods (elements absent from the ECRA), Congress has made clear that the two statutes encompass two separate criminal offenses and are therefore not multiplicitous.

More specifically, to prove Count 2 (violation of the ECRA), the government must prove as an element that Gordei acted "willfully"—consistent with the statutory language of the ECRA that imposes criminal penalties upon "[a] person who ***willfully*** commits, ***willfully*** attempts to commit, or ***willfully*** conspires to commit" specified unlawful acts. *See* 18 U.S.C. § 4819(b). Smuggling, in contrast, has a different *mens rea* requirement. To prove smuggling, the government must show that the defendant acted "fraudulently or knowingly"—consistent with Congress's statutory language. *See* 18 U.S.C. § 554. *See also* Dkt. No. 89 (Govt Proposed Jury Instructions). "Willfulness" is a heightened and distinct *mens rea* required for an ECRA criminal violation but that is not required for the smuggling count. Put differently, the government could satisfy the smuggling charge (Count 3) by proving that the defendant acted "knowingly" but fall short of proving the *willfulness* necessary for the ECRA charge (Count 2).

Count 3, in turn, alleges that the defendant:

> did *fraudulently* and knowingly export and send, and attempt to export and send, from the United States to a place outside thereof, that is, Russia, merchandise, articles, and objects, namely the CCL Item, contrary to laws and regulations of the United States, that is, ECRA and the EAR, and did fraudulently and knowingly *receive, conceal and facilitate the transportation and concealment* of such merchandise, articles and objects, prior to exportation, knowing the same to be intended for exportation contrary to such United States laws and regulations

Both the "fraudulently" element and the "receive, conceal and facilitate the transportation and concealment" required to prove the Count 3 smuggling offense under 18 U.S.C. § 554 find no

counterpart in Count 2; one could commit the ECRA violation in Count 2 without running afoul of these charged elements. Put simply, Count 2 and Count 3—and the statutes underlying each offense—criminalize distinct conduct. A conviction for one offense does not necessarily require or imply that each element of the other statute is satisfied.

Count 2 and Count 3 are not multiplicitous and should not be dismissed on that ground.

***Even if Count 2 and Count 3 were Multiplicitous, This Court Should Decline to Dismiss Either Count in Its Discretion.***

The Double Jeopardy clause does not prohibit a defendant being *tried and convicted* of multiplicitous charges, rather it prohibits imposing *multiple punishments* for the same offense. *See United States v. Pires*, 642 F.3d 1, 16 (1st Cir. 2011) ("[T]he Double Jeopardy Clause does not protect against simultaneous prosecutions for the same offense, so long as no more than one punishment is eventually imposed.") (quoting *United States v. Josephberg*, 459 F.3d 350, 355 (2d Cir. 2006). *See also United States v. Widi*, 697 F. Supp. 2d 140, 145 (D. Me. 2010). Accordingly, as the First Circuit has explained, "there is no inflexible rule that the exclusive remedy for multiplicitous counts is election between them." *Id.* (citing *Ball v. United States*, 470 U.S. 856, 864, (1985)). Instead, the Court may defer the decision and, if necessary following the verdict, "simply vacate both the conviction and the sentence as to all but one count, essentially merging the offending counts." *Id. See also United States v. Lilly,* 983 F.2d 300, 306 (1st Cir. 1992); *Widi*, 697 F. Supp. 2d at 145 ("[W]hen a multiplicity is discovered prior to trial, the Court has discretion to either require the Government to elect on which count it will proceed or to allow both counts to proceed to trial and dismiss one prior to sentencing.").

Pretrial dismissal is an anticipatory prophylaxis against contingencies that may never arise—both because, for reasons discussed above, no Double Jeopardy problems exists, but also because the defendant may not be convicted of both of Count 2 and Count 3, which would render

the issue moot. *See United States v. Rivera*, No. 09-CR-619 SJF, 2011 WL 1429125, at *4 (E.D.N.Y. Apr. 13, 2011) ("Since it is possible that the jury will convict defendants on only one (1) of the respective counts that they allege are multiplicitous, and acquit defendants on all of the counts with which they allege that count is multiplicitous, the issue of whether the counts are multiplicitous in violation of the Double Jeopardy Clause is premature at the pretrial stage.") (internal footnote omitted). Given this, adopting the flexible path of deferment until after a trial is the practical route and dismissal of a count at the pretrial stage would be "premature." *See Armenteros-Chervoni*, 133 F.4th at 16. *See also Widi*, 697 F. Supp. 2d at 145 (declining to dismiss multiplicitous counts pretrial; "If necessary, the Court can take steps prior to sentencing to ensure that the Defendant's Fifth Amendment rights are not violated.").

***Count 2 Appropriately Charges that Gordei did "Attempt to Cause" and "Did Cause" the Export of Controlled Item.***

Count 2 of the Superseding Indictment alleges, in relevant part, that:

> Gordei … did … attempt to cause and did cause the export and re-export of the CCL Item from the United States to Russia, without first having obtained the required license or written approval from the Department of Commerce.

The defendant argues that the "attempt to cause" and "cause" language must be stricken because, according to the defendant, ECRA does not create criminal liability for "causing" (or any variant of 'causing,' like 'attempting to cause' or 'conspiring to cause') another person to commit a regulatory violation." MTD at 8.

The defendant is flat wrong: The prohibition on "causing" or "attempting to cause" an ECRA violation relevant statutory language includes precisely this prohibition.

50 U.S.C. § 4819(a)(1) makes it "unlawful for a person to violate, attempt to violate, conspire to violate, or ***cause*** a violation of this subchapter or of any regulation, order, license, or

other authorization issued under this subchapter…" (emphasis added). By its plain terms, it is unlawful under ECRA Section 4819(a) to "cause" a violation of ECRA or its implementing regulations.

Section 4819(b), then, imposes criminal penalties upon "[a] person who ***willfully commits***, ***willfully attempts to commit***, or ***willfully conspires to commit***, or aids and abets in the commission of, ***an unlawful act described in subsection (a)***." That is, under Section 4819(b), it is a crime to willfully "commit" or "attempt to commit" any violation of the Section 4819(a).

Reading these two sections together yields the clear result that it is a criminal act to "willfully" "cause a violation" and "willfully" "attempt to cause" a violation.

Defendant's contrary reading, in contrast, would improperly excise the "cause" language from Section 4819(a)(1) and the cases cited by the defendant totally inapposite. The case primarily relied upon by the defendant, *United States v. Aydin*, No. 1-12-CR-221-02-ODE-AJB (N.D. Ga. Jan. 16, 2015), deals with a different statute—22 U.S.C. § 2778(c)—that simply does not contain the "cause" language found in Section 4819(a)(1). And so, the problem specifically identified by the Court in *Aydin*—that "the government points to no relevant statute or regulation which criminalizes an 'attempt to cause' the unlicensed export of defense items, and the Court finds none" *Aydin* at *19—simply does not exist here: The text of Section 4819(a)-(b) does explicitly criminalize "causing" a violation and "attempting to cause" a violation the ECRA.

**CONCLUSION**

For the reasons set forth above, the government respectfully requests that Court deny defendant's Motion to Dismiss, Dkt. No. 92.

Respectfully submitted,

LEAH B. FOLEY

By: */s/ Chris Looney*
TIMOTHY KISTNER
CHRISTOPHER LOONEY
Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I certify that I filed this document via the CM/ECF system on August 14, 2026, which caused the document to be electronically served on all counsel of record.

*/s/ Chris Looney*
CHRISTOPHER LOONEY

August 14, 2026