UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | Criminal No. 24-cr-10100-MJJ |
| KIRILL GORDEI, | ) | |
| Defendant. | ) | |

**GOVERNMENT'S MOTION FOR PRE-TRIAL ORDER CLARIFYING PROCEDURE FOR DETERMINING ADMISSIBILITY OF CO-CONSPIRATOR STATEMENTS AND JURY INSTRUCTIONS**

The United States of America, by and through the undersigned Assistant United States Attorneys, hereby submits this motion for a pre-trial order clarifying the Court's intended procedure for ruling on the admissibility of co-conspirator statements and regarding jury instructions on the same issue. The practice adopted by this Court in a prior trial (and raised by the Court in the pre-trial conference during this case) of submitting the question of the admissibility of co-conspirator statements to the jury is contrary to First Circuit precedent, risks confusing the burden of proof for the jury, and constitutes legal error. Accordingly, the government requests that the Court evaluate the admissibility of co-conspirator statements consistent with the well-established procedures set forth in *Petroziello* and its progeny and that the jury *not* be instructed to make an independent determination regarding the admissibility of co-conspirator statements.

**Legal Framework**

The Federal Rules of Evidence require the *judge*—not the jury—to decide what evidence is admissible, including co-conspirator statements. *See* Fed. R. Evid. 104(a) ("the *court* must decide any preliminary question about whether… evidence is admissible.") (emphasis added); *see*

*also Bourjaily v. United States,* 483 U.S. 171, 175 (1987) ("[T]he existence of a conspiracy and petitioner's involvement in it are preliminary questions of fact that, under Rule 104, *must be resolved by the court*.") (emphasis added).

In the First Circuit, the determination of the admissibility of co-conspirator statements is commonly referred to as the *Petrozziello* ruling. *See United States v. Pena*, 24 F.4th 46, n. 5 (1st Cir. 2022) (citing *United States v. Petrozziello,* 548 F.2d 20 (1st Cir. 1977)). Under Rule 801(d)(2)(E) and First Circuit precedent, there are two stages to the *Petrozziello* ruling: first, the Court may admit the statements provisionally, and second, at the close of the evidence, the Court makes "its final *Petrozziello* determination." *Pena*, 24 F.4th at 57, n.5 (citing *United States v. Newton*, 326 F.3d 253, 257 (1st Cir. 2023)). There is no third stage in which the *jury* decides admissibility. *See Petrozziello,* 548 F.2d at 23 (the judge's decision is "conclusive").

**Relevant Background**

In June 2026, this Court presided over the criminal trial in *United States v. Garcia*, 24-cr-10183-MJJ. That case also involved co-conspirator statements, which the Court admitted provisionally, and then subsequently made a ruling at the close of the evidence that the statements were admitted. Despite that final *Petrozziello* ruling by the Court, the jury charge read by the Court included an instruction that the *jury* was to make an independent finding as to the admissibility of co-conspirator statements, using the preponderance of the evidence standard. *See Garcia*, 24-cr-10183-MJJ, Dkt. 158, at 15. At the end of the jury charge, the government objected to that instruction, noting that the gatekeeping function of determining admissibility is not for the jury, and raised the issue of potential juror confusion by introducing a preponderance standard, which could risk confusing the jury on the beyond a reasonable doubt standard required for a finding of guilt. *Id.*, at 46. The Court noted the government's objection, then stated, "My

understanding is as a gatekeeper, the judge has to initially make that preponderance - - on the preponderance of the evidence standard whether or not those factors were met in order to admit that into evidence. But once it is admitted, the jury has an independent duty to also by a preponderance of the evidence satisfy that those factors are met before considering the statements." *Id.*

During the final pretrial conference in the instant case, which was held on August 20, 2026, the Court indicated that—after making its own determination as to the admissibility of co-conspirator statements, the Court would "instruct the jury." *See* Dkt. 125, at 11 ("I'm going to provisionally admit the statements and then you can re-raise the issue at the close of the evidence if you think there was something that was inadequate and then I will consider those factors and make a finding. I will also instruct the jury on that."). In response to that statement, the government, citing *Petrozziello*, stated that it would be improper to instruct the jury that they (the jury) need to make a finding regarding admissibility of co-conspirator statements. *Id.* Defense counsel then stated that the defendant was not suggesting there should be such a jury instruction. *Id.* The Court subsequently took the matter under advisement. *Id.* at 13.

**<u>Request for a Pre-Trial Order</u>**

As set forth above, pursuant to the Federal Rules of Evidence, as well as Supreme Court and First Circuit precedent, it would be legal error to instruct the jury to make its own independent preponderance finding as to the admissibility of co-conspirator statements. Additionally, an instruction that the jury should consider whether a conspiracy is proved by a preponderance of the evidence is confusing and risks muddling burden of proof necessary for conviction. As such, the government requests that the Court adopt the procedure set forth in *Petroziello* by, first, admitting co-conspirator statements provisionally, and second, at the close of the evidence, making "its final

*Petrozziello* determination." *Pena*, 24 F.4th at 57, n.5. Further, the government requests that the Court *not* instruct the jury to make an independent legal determination regarding the admissibility of co-conspirator statements—because it would be legally improper to do so.

To protect the rights of both of the parties and to prevent potential appellate litigation, the government requests that the Court issue an order prior to trial clarifying whether it intends to instruct the jury that the *jury* must make an independent finding as to admissibility of co-conspirator statements, as the Court did in the *Garcia* case.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By: */s/ Timothy H. Kistner*
Timothy H. Kistner
Christopher Looney
Assistant U.S. Attorneys

Date:

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Chris Looney*
CHRISTOPHER LOONEY