IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KIRILL GORDEI | No. 1:24-cr-10100-MJJ |

**DEFENDANT KIRILL GORDEI'S MOTION TO RECONDSIDER ORDER GRANTING GOVERNMENT'S MOTION TO REFRAIN FROM INSTRUCTING JURY TO MAKE AN INDEPENDENT DETERMINATION REGARDING ADMISSIBLITY OF CO-CONSPIRATOR STATEMENTS [D.E. 129]**

Defendant Kirill Gordei respectfully requests that the Court reconsider its Order [D.E. 132], granting the government's motion to refrain from instructing the jury regarding the admissibility of co-conspirator statements [D.E. 129] before Mr. Gordei had an opportunity to respond.[1]

Upon consideration of this Court's procedure in *United States v. Garcia,* 24-cr-10183-MJJ, and the relevant case law, it is clear that, at a minimum, this Court has

[1] The government sent an email to defense counsel at 4:32 p.m. advising, among other things, that it "anticipate[d] filing a brief supplemental memo" on the issue of whether "the *Petroziello* ruling is for the Court, not the jury to decide" and requested, "let us know if you have thoughts or would like to discuss." Defense counsel responded to the email three minutes later, addressed certain unrelated matters, and advised "we will get back on the other questions." Then, at 5:55 p.m., without further communication on the subject, the government went ahead and filed its motion.

discretion to instruct the jury to make the co-conspirator hearsay determination, as it did in *Garcia*, and should do so again here. The government is wrong that it would be "legal error" for the Court to so instruct the jury. D.E. 129 at 3.[2]

The government frames its requested procedure as "the procedure set forth in *Petroziello." Id.* at 3 (citing *United States v. Petrozziello,* 548 F.2d 20 (1st Cir. Jan. 21, 1977)). But the First Circuit has held, both before *and after Petrozziello*, that "the court should instruct the jury that the existence of a conspiracy and the defendant's participation in it must be established by independent non-hearsay evidence before the extra judicial statement of an alleged co-conspirator could be used against the defendant." *United States v. Smolar*, 557 F.2d 13, 16 (1st Cir. May 26, 1977) (decided *after Petrozziello*) (citing *United States v. Honneus*, 508 F.2d 566, 576-77 (1st Cir. 1974) (decided before *Petrozziello*). In *Smolar*, the district court instructed as follows:

> In determining, ladies and gentlemen, whether any particular defendant is guilty of participating in a conspiracy, you must first determine whether or not a conspiracy existed as charged in the indictment.
>
> In determining whether the conspiracy existed, you should consider the evidence as to the actions and declarations of all alleged participants.
>
> If you conclude that such a conspiracy did exist, you must next determine whether or not each defendant was a party to or a member of

---

[2] At the Final Pretrial Conference, the defense was focused on a different issue: whether the Court should refrain even from provisional admission of alleged co-conspirator hearsay until the government presented more fulsome proof. Undersigned counsel were not yet then aware of the Court's instruction in *Garcia*. Now, having reviewed that case and other relevant authorities, the defense requests that the Court take the same instructional approach here.

> that conspiracy with knowledge of its illegality and with the specific intention to assist the conspiracy to its illegal objects.
>
> In making this determination, you should consider only the evidence of the defendant[']s acts and statements.
>
> If and only when the existence of the conspiracy charged in the indictment has been found by you, as a preliminary matter, and the defendant has been found to be a member of the conspiracy, solely on the basis of testimony and evidence as to his own statements or declarations or acts or conduct, then the acts done and the statements or declarations made by any other person found by you to be a member of the conspiracy may be considered as evidence in the case against the defendant - that is, a particular defendant that you may be considering - even though such acts and declarations may have been made in the absence of and without the knowledge of that particular defendant, provided such acts were done and such statements or declarations were made during the continuance of the conspiracy and in furtherance of the objectives or purposes of the conspiracy.

*Id*. at 15 n.3. The only question in the appeal was whether that instruction went far enough in "mak[ing] clear [to the jury] that hearsay evidence could not be used in determining whether a conspiracy existed." *Id*. at 16 (asking whether that failure "was so plainly prejudicial that reversal is required").

The government relies heavily on footnote 5 in *United States v. Pena*, 24 F.4th 46, 57 n.5 (1st Cir. 2022). But that footnote referred to the district court's determination that the *Petrozziello* standard had been met as "an accepted practice," not the only acceptable practice, a required practice, or even a legally correct practice. *Id*. *Smolar* suggests the opposite: giving the issue to the jury was the correct practice in this Circuit, both before and after *Petrozziello*.

Respectfully submitted,

**KIRILL GORDEI**

By his attorneys,

*/s/ Amy Barsky*

AMY BARSKY, ESQ. (BBO # 601111)
WILLIAM W. FICK, ESQ. (BBO # 650562)
FICK & MARX LLP
24 Federal Street, 4th Floor
Boston, MA 02110
(857) 321-8360
WFICK@FICKMARX.COM
ABARSKY@FICKMARX.COM

**Certificate of Service**

I hereby certify that this document and any attachments filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on September 10, 2026.

*/s/ Amy Barsky*