UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) |
| | ) Criminal No. 24-cr-10100-MJJ |
| KIRILL GORDEI, | ) |
| Defendant. | ) |

**GOVERNMENT'S MOTION TO ADMIT EVIDENCE PURSUANT TO RULE 404(b)**

The United States of America, by and through the undersigned Assistant United States Attorneys, hereby submits this motion to admit evidence pursuant to Rule 404(b).

By letter on July 16, 2026, the Government made a disclosure that it intended to introduce evidence of two acts by Kirill Gordei pursuant to Federal Rule of Evidence 404(b):

(1) On or about October 5-25, 2023, Gordei communicated with an individual at the email address i.kuznetsov@asec.aero in which the parties discussed the replacement of documents as part of the export and re-export of U.S. goods overseas.

(2) On or about October 30, 2023, Gordei exchanged emails with an individual from S7 to arrange the shipment of "sanctioned goods" to Russia while concealing the fact that Russia was the destination of the items.

Translations of the two emails referenced in this letter are attached here as Exhibits A and B.

In both emails, in response to inquiries from customers seeking to export goods to Russia, the defendant confirmed that he would ship goods and made clear the nature of his scheme: Shipping goods through Turkey, as an intermediate country, and falsifying document to disguise the final destination of the goods. *See* Ex. A and B.

The defendant moved to exclude this evidence. *See* Dkt. No. 95. At the pretrial hearing, after hearing argument from the parties, the Court agreed to the exclusion of the evidence, *but* also

specifically indicated that the evidence would become admissible if the defendant opened the door by arguing mistake or accident:

> There is some probative value. I understand Mr. Kistner's point. So why don't we say this, it's not going to come in in the government's case in chief, ***but if the defense's theory is going to be or there is to be some argument that this was an accident or a mistake, then I will grant it.***

Ex. C (Transcript of Pretrial Conference, Aug. 20, 2026) at 18.

During their opening, the defense made precisely such an argument. In particular, the defense asked the jury to consider five questions as it heard the evidence. The fourth and fifth of these questions were, in substance, the following:

> What did Mr. Gordei know about the shipment and the paperwork that others were creating?
>
> Did Gordei believe he was doing something wrong?

These questions squarely put at issue whether Kirill Gordei understood the scheme he was involved in and understood it was wrong, or was his conduct a mistake or accident.

Consistent with the Court's ruling that the government would be permitted to admit this evidence if "there is some argument that this was an accident or a mistake," the government should be permitted, as provided by Rule 404(b), to answer these questions with evidence of Gordei's other acts, which make clear that Gordei's conduct was not accident or mistake, but instead show his "plan, knowledge … absence of mistake, or lack of accident." Fed. R. Evid. 404(b).

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By: */s/ Timothy H. Kistner*
Timothy H. Kistner
Christopher Looney
Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Chris Looney*
CHRISTOPHER LOONEY