IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.

KIRILL GORDEI

No. 1: 24-cr-10100-MJJ

**DEFENDANT KIRILL GORDEI'S OPPOSITION TO GOVERNMENT'S (RENEWED) MOTION TO ADMIT RULE 404(b) EVIDENCE**

The Court correctly excluded evidence comprised of email threads where Mr. Gordei discusses potential other, later transactions, with other parties, involving the shipment of other goods. As the Court reasoned: "these are close in time to the charged conduct. It's similar to the charged conduct but they're really different transactions, different customers, different goods …. I think the main inference invited by this evidence is that the defendant's willingness to participate in similar transactions makes it more likely that he in fact committed the offense here, and I think under 404(b) it does not allow that sort of propensity evidence to come in." 8/20 Tr. at 17-18.

The government now argues that the defense "opened the door" to this evidence by suggesting, in its opening statement, that the jury should keep in mind whether or not the prosecution's evidence answers certain fundamental questions. The list of questions the defense posed to the jurors is attached as Exhibit A. The government specifically highlights the fourth and fifth questions. *See id.* ("What did Mr. Gordei know about the shipment and the paperwork that others were creating?" and "Did Mr. Gordei believe he was doing something wrong?").

A criminal defendant does not "open the door" to anything by holding the government to its burden to prove the elements of the crimes charged. The government acknowledges that it must prove Mr. Gordei "knowingly and willfully" violated U.S. export laws. That is an element of all

of the charged crimes.

The defense's opening statement purposely did no more than provide the jury the legal standard the government must meet and suggest the government will not be able to meet it. As the Third Circuit explained in *United States v. Caldwell*, 760 F.3d 267, 281 (3d Cir. 2014):

> We disagree. . . with the proposition that, merely by denying guilt of an offense with a knowledge-based *mens rea*, a defendant opens the door to admissibility of prior convictions of the same crime. Such a holding would eviscerate Rule 404(b)'s protection and completely swallow the general rule against admission of prior bad acts. *See* . . . *United States v. Hicks,* 635 F.3d 1063, 1071 (7th Cir. 2011) (explaining that "if a mere claim of innocence were enough to automatically put intent at issue, the resulting exception would swallow the general rule against admission of prior bad acts."). Accordingly, we reject the suggestion that "claiming innocence" is sufficient to place knowledge at issue for purposes of Rule 404(b).

(some citations omitted); *see also United States v. Webber*, No. 13-cr-00662-RS, 2017 U.S. Dist. LEXIS 6295, at *3 (N.D. Cal. Jan. 16, 2017) ("Webber has not newly opened the door to introduction of the proffered evidence merely by emphasizing his lack of specific intent to engage in the charged conduct.")

By going to trial, Mr. Gordei is exercising his constitutional right to hold the government to its burden of proof. He highlighted questions the jury should keep in mind that correspond to some of the elements the government must prove. That does not "open the door" to the government's use of prejudicial propensity evidence in violation of Rules 404 and 403. Moreover, nothing about raising questions concerning Mr. Gordei's knowledge of facts such as purported falsity of documents, or his understanding of how complex export laws might apply to a mass spectrometer, suggests a defense of "accident" or "mistake" that evidence about other, later, discussions of potential transactions would potentially dispel.

For the foregoing reasons, Defendant Kirill Gordei respectfully requests that the Court continue to exclude the two email threads proffered by the government as Rule 404(b) evidence.

Respectfully submitted,

**KIRILL GORDEI**

by his attorneys,

*/s/ Amy Barsky*
Amy Barsky (BBO #601111)
William W. Fick (BBO #650562)
FICK & MARX LLP
24 Federal Street, 4th Floor
Boston, MA 02110
(857) 321-8360
*wfick@fickmarx.com*
*abarsky@fickmarx.com*

**CERTIFICATE OF SERVICE**

I, Amy Barsky, hereby certify that on September 15, 2026, I caused this document to be filed through the ECF system.

*/s/ Amy Barsky*